**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

**In the Matter of the Complaint of
Graestone Logistics, LLC, as Owner *Pro Hac Vice*
of the M/V JACOB KYLE RUSTHOVEN,
Official No. 517145, for Exoneration from
or Limitation of Liability.**

**Civil Action No. 1:19-cv-31**

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION:**

**COMES NOW**, Graestone Logistics, LLC ("Graestone"), as owner *pro hac vice* of the

M/V JACOB KYLE RUSTHOVEN, Official No.517145 (the "towboat"), and in support of

its Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C.

30501, *et seq.*, states:

1.      This action is brought pursuant to 46 U.S.C.  30501, *et seq.*, commonly known

as the Limitation of Vessel Owner's Liability Act.

2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure. This Court has jurisdiction over the parties herein,

and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3.      Graestone is a limited liability company organized and existing under the

laws of the State of Kentucky.

4.      Graestone is in the business of providing towing services on the inland river system.

5.      Graestone, at all relevant times herein, was the bareboat charterer of the M/V JACOB KYLE RUSTHOVEN from Rock Ridge Investments, LLC, a Kentucky Limited Liability Company, the owner, and as such, was the owner *pro hac vice* of said vessel.

6.      On or about September 12, 2018, Graestone was the owner *pro hac vice* of the towboat, M/V JACOB KYLE RUSTHOVEN which was manned by a crew of six men, a Captain, a Pilot, a Mate and three deckhands.  Graestone, at all times pertinent herein, used due diligence to maintain the towboat in all respects, seaworthy, tight, staunch, and strong.

7.      On or about 9:30 a. m., September 12, 2018, Graestone employee and Captain, Charles Schwark, was piloting the towboat and Graestone  employees, Derone White and Devan Jones, were on watch serving as deckhands.  While the towboat was navigating south bound on the Lower Mississippi River with a tow of nine barges (three deck barges and six open hopper barges) which were loaded with #4 limestone and bound for oyster beds south east of New Orleans, a engine room fire developed.  Once he lost the ability to navigate the towboat and its tow and fire overcame the superstructure of the vessel, the Captain ordered the crew to abandon ship and to go onto the tow of barges.  One or more vessels affiliated with Pine Bluff Sand & Gravel took the towboat and her tow into their care, custody and control, rescued the crew, and put out the fire.  The M/V JACOB KYLE RUSTHOVEN, now apart from her tow,  was moored on the right descending bank at or near where the St. Joseph River enters the Lower Mississippi River at or near Mile 673,

LMR.  Salvage of the tow of barges was accomplished.   The voyage at issue commenced at approximately 1:00 a.m. on or about September 8, 2018 at the Wynn Materials Dock on the right descending bank at Mile 14,  Tennessee River and terminated at approximately 10:30 a.m. on or about September 12, 2018 at Mile 673, L.M.R.  The crew were examined at West Helena Regional Medical Center in West Helena, Arkansas.  Several of them have made claims for personal injuries arising out of the fire.

8.      At the time of the occurrence, there was freight earned for this voyage in the sum of $104,982.00.

9.      Upon information and belief, notices of claims have been filed against Graestone.  Graestone is filing this action within six (6) months of both the date of the fire aboard the M/V JACOB KYLE RUSTHOVEN and the first written notice of claim. Therefore, the filing of this action is timely, pursuant to 46 U.S.C. § 30511(a) and Supplemental Admiralty Rule F(1).

10.      Other than the expenses of salvage of the M/V JACOB KYLE RUSTHOVEN, its tow, and a civil action filed against Graestone in the Circuit Court of Mobile County, Alabama by Charles Schwark, Jonathan Duncan, Devon Jones, and Deron White as Cause No. 02-CV-2018-902473.00, there no civil actions, demands, unsatisfied liens, or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to Graestone, which are pending as a result of the voyage at issue.  Since September 12, 2018, the M/V JACOB KYLE RUSTHOVEN has been towed from Helena, Arkansas and

is presently docked at Three Mile Drydock and Repair, Three Mile Creek north of downtown Mobile, Mobile County, Alabama.

11.     Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure because the M/V JACOB KYLE RUSTHOVEN is present in this district and because of the filing of the above-referenced civil action in the Circuit Court of Mobile County, Alabama.

12.     The fire aboard the towboat and all alleged claims and resulting damages, if any, were not caused or contributed to by any fault or neglect of Graestone, as owner *pro hac vice* of the M/V JACOB KYLE RUSTHOVEN, nor on the part of the M/V JACOB KYLE RUSTHOVEN herself, nor was there any unseaworthy condition aboard the M/V JACOB KYLE RUSTHOVEN which caused or contributed to the fire. The cause of the fire on board the M/V JACOB KYLE RUSTHOVEN is still under investigation; however, there is no evidence that the boat was unseaworthy. Neither is there any evidence that Graestone was negligent in any way that would have contributed to or caused the fire.  Graestone, therefore, is entitled to be exonerated from all liability for the fire on board the towboat.

13.     In the alternative, the fire on board the towboat and all alleged claims and resulting damages were occasioned and incurred without the privity or knowledge of Graestone or of anyone whose privity and knowledge is imputable to Graestone. Graestone, therefore, is entitled to limit its liability to the value of the towboat at the time of and immediately following the fire and at the conclusion of the voyage at issue, pursuant to 46 U.S.C. §30501, *et seq.*  The M/V JACOB KYLE RUSTHOVEN is a commercial inland

marine towing vessel and, as stated earlier, had a tow made up of nine loaded barges and did have earned freight of $104,982.00 at the time of the fire and the salvage of the crew and the vessels.

14.    Graestone, as owner *pro hac vice* of the M/V JACOB KYLE RUSTHOVEN, hereby claims exemption and exoneration from liability for any and all losses or damages of any kind occasioned or incurred by or resulting from the fire on board the M/V JACOB KYLE RUSTHOVEN, and from any and all suits and claims which may hereafter be made against it, and Graestone alleges that it has valid defenses thereto in fact and in law. Graestone further claims the benefits of the limitation of liability provided by the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §30501, *et seq.*, and, to that end, Graestone is willing to proceed according to admiralty law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

15.    Immediately following the fire, and, therefore, at the conclusion of the voyage at issue, the value of the towboat was $10,000.00.  See the Affidavit of Fred Budwine that is attached hereto as Exhibit "A," and incorporated herein by reference, as if fully set forth.

16.    Graestone  offers an Ad Interim Stipulation for the value of the towboat in the sum of $10,000.00 plus its earned freight of $104,982.00 or $114,982.00, plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs.

17.    This Complaint is filed less than six (6) months after the fire on board the M/V JACOB KYLE RUSTHOVEN, the towboat.

**WHEREFORE, PREMISES CONSIDERED**, Graestone Logistics, LLC, prays as follows:

1.      That this Court enter an order approving the Ad Interim Stipulation for the value of the towboat in the amount of $10,000.00 plus its earned freight of $104,982.00 or $114,982.00 plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs;

2.      That upon approval of the foregoing, this Court enter an order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits, and/or legal proceedings of whatsoever kind, nature, or character, against the towboat and/or Graestone Logistics, LLC, its officers, agents, representatives, servants, employees, and affiliated companies, and any other person or entity whatsoever for whom Graestone may be responsible, arising out of or attributable to the fire on board the M/V JACOB KYLE RUSTHOVEN, including, but not limited to that civil action filed in the Circuit Court of Mobile County, Alabama styled, *Charles Schwark, Jonathan Duncan, Devon Jones, and Deron White v. Graestone Logistics, LLC* as Cause No. 02-CV-2018-902473.00;

3.      That this Court cause notice to be issued to all persons, firms, or corporations having or alleging to have claims arising out of the fire on board the M/V JACOB KYLE RUSTHOVEN on September 12, 2018:

  a.      admonishing them to appear and file their claims with the Clerk of this Court on or before the date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

  and

   b. directing them to answer the allegations contained in this Complaint.

  4. That this Court, after due hearing, determine that neither Graestone Logistics, LLC, nor the towboat, the M/V JACOB KYLE RUSTHOVEN is liable for any damages on any basis whatsoever in connection with the fire;

  5. That, in the alternative, should this Court determine that Graetone Logistics, LLC and/or the towboat, the M/V JACOB KYLE RUSTHOVEN, is liable to any person, firm, corporation, or entity to any extent on any basis, which Graestone denies, then this Court determine that Graestone and the towboat, the M/V JACOB KYLE RUSTHOVEN, are entitled to limit their liability to the value of the towboat immediately following the fire, and at the conclusion of the voyage at issue, and that a judgment be entered discharging Graestone Logistics, LLC and the towboat, the M/V JACOB KYLE RUSTHOVEN, from any further liability arising from or growing out of or in connection with the fire; and

  6. Graestone Logistics, LLC prays for such other relief to which it may show itself justly entitled.

  **RESPECTFULLY SUBMITTED**, this the 23rd day of January, 2019.

       s/Frank J. Dantone
       **FRANK J. DANTONE (DAN054)**
       **HENDERSON DANTONE, P.A.**
       P.O. Box 778
       Greenville, MS 38702
       Telephone No. (662) 378-3400
       Facsimile No. (662) 378-3413
       Email: fjd@hdpa.com

       Attorney for Graestone Logistics, LLC

## VERIFICATION

STATE OF ~~ALABAMA~~ Kentucky

COUNTY OF ~~MOBILE~~ Calloway

I, Michael Beesecker, being first duly sworn, state that I am the Sole Member of

Graestone Logistics LLC. I have read the foregoing Complaint, and all of the matters set

forth therein are true and correct to the best of my knowledge, information, and belief. I am

authorized to make this verification on behalf of Graestone Logistics, LLC, and same is the

free act and deed of Graestone Logistics, LLC.

_____

**MICHAEL BEESECKER**

SWORN TO AND SUBSCRIBED BEFORE ME, this the 23 day of

January , 2019.

_____

**NOTARY PUBLIC**

**My Commission expires:**

10/08/2020